Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com
Matthew Becker (CSB No. 291865)
mbecker@fenwick.com
Esther D. Galan (CSB No. 335763)
egalan@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Brian D. Buckley (*pro hac vice* forthcoming)
bbuckley@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Janie Yoo Miller (CSB No. 312715)
jmiller@fenwick.com
**FENWICK & WEST LLP**
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

Counsel for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA-MCKINLEYVILLE DIVISION

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No.: <br><br> **NOTICE OF REMOVAL** |

NOTICE OF REMOVAL                                                                                   Case No.: _____

# NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Amazon.com, Inc. submits the following Notice of Removal of a Civil Action to the United States District Court for the Northern District of California, Eureka-McKinleyville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.  PROCEDURAL BACKGROUND

1. Plaintiff Julia Heck filed a Class Action Complaint in the Superior Court of California for the County of Humboldt against Defendant, endorsed on May 16, 2022 and captioned, *Julia Heck v. Amazon.com, Inc.*, No. CV2200665. In the Complaint, Plaintiff seeks damages, declaratory and injunctive relief, and other relief individually and on behalf of a class of California consumers based on allegations that Amazon violated California's Consumer's Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code § 1750, *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, by failing to comply with California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600, *et seq.*, when Amazon charged Amazon Prime customers on a recurring basis for an Audible subscription.

2. Service of the Summons and Complaint on Defendant was effective on June 8, 2022, when Defendant's counsel executed and returned a Notice of Acknowledgment of Receipt pursuant to California Code of Civil Procedure § 415.30. Attached as **Exhibit A** to the Declaration of Jedediah Wakefield ("Wakefield Decl.") are copies of the Summons, Complaint, and other case-initiating documents. Attached as **Exhibit B** is a copy of the Notice and Acknowledgement of Receipt signed by Defendant and returned to Plaintiff (Wakefield Decl., Ex. B).

3. Defendant timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) within 30 days of service of the Summons and Complaint and less than one year since the action commenced.

4. Plaintiff alleges she is a citizen of California. Wakefield Decl., Ex. A (Complaint ¶ 7).

5. Defendant is a Delaware corporation and therefore a citizen of Delaware. Defendant is also a citizen of Washington as it has its principal place of business in Seattle, Washington. *See* 28 U.S.C. § 1332(c)(1); Wakefield Decl., Ex. A ¶ 8.

**II.   JURISDICTIONAL BASIS FOR REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D)**

6.   This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), which provides for federal jurisdiction over class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). These requirements are satisfied here.

<u>Class Action Status</u>

7.   This action meets the definition of a "class action" under CAFA because Plaintiff brings class allegations pursuant to California Code of Civil Procedure § 382, a "State statute … authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

<u>Number of Proposed Class Members</u>

8.   CAFA requires that a putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). This case easily satisfies that number, as Plaintiff alleges that the total number of class members are in the "tens of thousands." Wakefield Decl., Ex. A ¶ 30.

<u>Amount in Controversy</u>

9.   CAFA requires that the aggregate amount in controversy exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). That threshold is met here.

10.   As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. As the Ninth Circuit has noted, the amount in controversy is the "amount *at stake* in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis added) (quotation marks and citations omitted). "'Amount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability." *Greene v. Harley-Davidson, Inc.*, 965

F.3d 767, 772 (9th Cir. 2020) (reversing district court's denial of CAFA removal in CLRA and false advertising case where plaintiff sought punitive damages).

11.     Here, Plaintiff's definition of the proposed class and the relief sought satisfy the amount in controversy requirement.

12.     Plaintiff asserts claims under the CLRA (Cal. Bus. & Prof. Code § 1750) and UCL (Cal. Bus. & Prof. Code § 17200) individually and on behalf of "All persons in California who were charged for Audible services from May 13, 2018 to the date of judgment, and did not stream or download any content from Audible during the subscription period or after the free trial subscription period." Wakefield Decl., Ex. A ¶ 28. Plaintiff seeks damages pursuant to the CLRA. *Id.* ¶ 51. In addition to costs and interest, Plaintiff's Prayer for Relief seeks punitive damages, attorneys' fees, restitution, disgorgement, and injunctive relief. Wakefield Decl., Ex. A at 11.

13.     Although Amazon denies that Plaintiff is entitled to *any* relief, Plaintiff's combined actual and punitive damages claim, the costs of injunctive relief, and the claim for attorneys' fees combined exceed the $5,000,000 threshold. *See Novak v. Boeing Co.*, No. 09-01011, 2009 WL 10676175, at *2 (C.D. Cal. Nov. 10, 2009) (holding that the amount of controversy requirement was met where the complaint alleged a class of greater than 1,000 people); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included in the amount in controversy where the underlying statute authorizes an award). Plaintiff alleges that she paid $59.80 for an Audible subscription, and she seeks relief on behalf of "tens of thousands" of putative class members (that is, *at least* 20,000 class members). Combining the actual damages sought with Plaintiff's claim for punitive damages, which can be up to four times actual damages, plus attorneys' fees, which can be 25 percent of total recovery, and the amount "at stake" exceeds the amount in controversy requirement. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 445 F. Supp. 3d 535, 555 (N.D. Cal. 2020) (finding that a punitive damages award under the CLRA of four times the actual damages was appropriate); *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("We have established a 25 percent 'benchmark' in percentage-of-the-fund cases that can be 'adjusted upward or downward to account for any unusual circumstances involved in [the] case.'") (alteration in original) (citation omitted);

...

...

*see also* Wakefield Decl. Exs. C and D (motions in which Reese LLP, Plaintiff's counsel in this case, sought fees of 19.8% and 30% of class action settlement funds).

<u>Diversity of Citizenship</u>

14. There is diversity of citizenship in this action to satisfy the minimum diversity requirements under CAFA. Plaintiff is a citizen of California. Defendant Amazon.com, Inc. is a citizen of Delaware and has its principal place of business in Washington, so there is diversity of citizenship from the California Plaintiff and alleged California class. *See* 28 U.S.C. § 1332(d)(2)(C) (There is sufficient diversity where "any member of a class of plaintiffs is a citizen of a State and any defendant is … a citizen … of a foreign state.").

**III.   POTENTIAL EXCEPTIONS TO CAFA THAT COULD PERMIT REMAND**

15. CAFA contains three potential exceptions to federal jurisdiction that do not apply here. *See* 28 U.S.C. §§ 1332(d)(3)-(4). Although, Plaintiff, not Defendant, has the burden to prove these exceptions should she seek remand, these exceptions are inapplicable here. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (concluding that the party seeking to remand bears the burden of proving an exception to CAFA jurisdiction).

16. <u>The Discretionary Exception</u>.  Federal courts may decline CAFA jurisdiction in certain instances where greater than one-third, but less than two-thirds, of the members of the proposed class are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3). Here, all of the proposed class members are citizens of California (Wakefield Decl., Ex. A ¶ 28), so this exception does not apply.

17. <u>The Local Controversy Exception</u>.  Federal courts must decline CAFA jurisdiction where: (1) greater than two-thirds of the class are citizens of the state in which the class action was originally filed; (2) at least one defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class, (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (cc) who is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) no other class action was filed in the three preceding years asserting the same or similar

factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A). In this case, requirement 2 of Section 1332(d)(4)(A) is not met because Defendant is not a citizen of California, the state in which the action was originally filed. *See* Wakefield Decl., Ex. A ¶ 8.

18. <u>The Home-State Controversy Exception</u>.  Federal courts must decline CAFA jurisdiction where two-thirds or more of the members of the class and the primary defendants are citizens of the state where the class action was originally filed. 28 U.S.C. § 1332(d)(4)(B). Here, Defendant is not a citizen of California, so this exception also does not apply. *See* Wakefield Decl., Ex. A ¶ 8.

**IV.   PROCEDURAL REQUIREMENTS FOR REMOVAL**

19. <u>Removal is Timely</u>.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Defendant was served with a summons, Complaint, and Notice and Acknowledgement of Receipt on June 8, 2022. Wakefield Decl. ¶ 2, Exs. A-B. This Notice of Removal is therefore timely filed.

20. <u>Removal to Proper Court</u>.  Removal to this Court is proper because it is "the district and division within which [this action] is pending." 28 U.S.C. § 1446(a); *see also* Civil L.R. 3-2(f).

21. <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendant in this action are attached hereto as Exhibits A and B.

22. <u>Notice to Adverse Parties and State Court</u>.  Promptly after the filing of this Notice of Removal, Defendant will serve a copy on all counsel of record and file a copy with the Clerk of the Superior Court of California for the County of Humboldt, in accordance with 28 U.S.C. § 1446(d). Defendant is serving this Notice of Removal on Plaintiff's counsel of record, Michael R. Reese, Sue J. Nam, Charles D. Moore, and George V. Granade, via electronic and U.S. mail addressed to their offices located at 8484 Wilshire Blvd., Suite 515, Los Angeles, California 90211. Defendant is also filing a copy of the Notice of Removal of a Civil Action in the Superior Court of California for the County of Humboldt.

23. This Notice of Removal is based on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiff's claim, the ability to certify a class, the existence of injury, or damages in any form.

24. WHEREFORE, Defendant Amazon.com, Inc. notifies this Court that this cause has been removed from the Superior Court of California for the County of Humboldt to the United States District Court for the Northern District of California, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: July 7, 2022                    FENWICK & WEST LLP

                                       By: /s/ *Jedediah Wakefield*
                                           Jedediah Wakefield
                                           Brian D. Buckley
                                           Matthew Becker
                                           Janie Yoo Miller
                                           Esther D. Galan

                                           Counsel for Defendant
                                           AMAZON.COM, INC.

NOTICE OF REMOVAL                      6                              Case No.: _____