# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 206773<br>NAME: Michael R. Reese<br>FIRM NAME: REESE LLP<br>STREET ADDRESS: 100 West 93rd Street, 16th Floor<br>CITY: New York STATE: NY ZIP CODE: 10025<br>TELEPHONE NO.: (212) 643-0500 FAX NO.: (212) 253-4272<br>E-MAIL ADDRESS: mreese@reesellp.com<br>ATTORNEY FOR (Name): plaintiff Julie Heck and the proposed class | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Humboldt<br>STREET ADDRESS: Humboldt County Courthouse<br>MAILING ADDRESS: 825 5th Street<br>CITY AND ZIP CODE: Eureka, California 95501<br>BRANCH NAME: Humboldt | |
| Plaintiff/Petitioner: Julie Heck<br>Defendant/Respondent: Amazon.com Inc. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CV2200665 |

TO *(insert name of party being served)*: Amazon.com Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 25, 2022

Michael R. Reese
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

***(To be completed by recipient):***

Date this form is signed: ____________________

____________________
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ ____________________
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure, §§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form

Save this form

Clear this form

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 206773<br>NAME: Michael R. Reese<br>FIRM NAME: REESE LLP<br>STREET ADDRESS: 100 West 93rd Street, 16th Floor<br>CITY: New York STATE: NY ZIP CODE: 10025<br>TELEPHONE NO.: (212) 643-0500 FAX NO.: (212) 253-4272<br>E-MAIL ADDRESS: mreese@reesellp.com<br>ATTORNEY FOR (Name): plaintiff Julie Heck and the proposed class | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Humboldt<br>STREET ADDRESS: Humboldt County Courthouse<br>MAILING ADDRESS: 825 5th Street<br>CITY AND ZIP CODE: Eureka, California 95501<br>BRANCH NAME: Humboldt | |
| Plaintiff/Petitioner: Julie Heck<br>Defendant/Respondent: Amazon.com Inc. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CV2200665 |

TO *(insert name of party being served)*: Amazon.com Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 25, 2022

Michael R. Reese
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

***(To be completed by recipient):***

Date this form is signed: ______________________

______________________
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

______________________
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

COPY

SUM-100

**SUMMONS** **BY FAX**
***(CITACION JUDICIAL)***

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
N
MAY 16 2022 P
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Amazon.com, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Julia Heck, on behalf of herself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

FAX FILE

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Humboldt County Superior Court, 421 I Street, Eureka, California 95501

CASE NUMBER: *(Número del Caso):*
CV2200665

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael R. Reese, REESE LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025, Telephone: (212) 643-0500

DATE: MAY 16 2022
*(Fecha)*

Clerk, by *(Secretario)* Natasha P. KIM M. BARTLESON, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

COPY FILED

MAY 16 2022

SUPERIOR COURT OF CALIFORNIA COUNTY OF HUMBOLDT

N P

BY FAX

FAX FILE

**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**REESE LLP**
Charles D. Moore (to be admitted *pro hac vice*)
100 South 5th Street, Suite 1900
Minneapolis, MN 55402
Telephone: 212-643-0500
Fax: 212-253-4272
Email: *cmoore@reesellp.com*

*Counsel for Plaintiff and the Proposed Class*

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF HUMBOLDT**

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated,<br>Plaintiff,<br>vs.<br>AMAZON.COM, INC,<br>Defendant. | Case No. CV2200665<br>**CLASS ACTION COMPLAINT** |

Plaintiff Julia Heck ("Plaintiff"), on behalf of herself and others similarly situated, bring this Class Action Complaint against Amazon.com, Inc. ("Defendant" or "Amazon"). On the basis of personal knowledge, information and belief, and investigation of counsel, Plaintiff alleges as follows:

## INTRODUCTION

1. Amazon is a vast internet-based enterprise that provides goods and services with respect to e-commerce, logistics, payment, hardware, data storage, and media, among other businesses.

2. Amazon Prime membership costs approximately $119 per year. According to Amazon, its Prime membership confers many shipping, shopping, streaming, reading, and other benefits. *See* https://www.amazon.com/primeinsider/about?ref=primenav_benefits.

3. One of the "other benefits" included in a Prime membership is "Free Titles at Audible. " *Id.*

4. Audible is a wholly owned subsidiary of Amazon. Prime membership does **not** include Audible for "free." Rather, contrary to its representation, Audible provides downloadable and streaming audio content **for a monthly fee**. Moreover, Amazon does not merely "invite" its Prime members to try Audible services but rather surreptitiously enrolls its Prime members in a paid subscription to Audible through a process that is likely to deceive reasonable consumers. Amazon also makes it exceedingly difficult for its Prime members to discontinue that service. Amazon then limits refunds of those monthly subscription fees to its Prime members. As a result, many Prime members pay monthly subscription fees for Audible services that they never asked for and/or ever used.

5. Amazon's misconduct constitutes violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; and violations of California's Auto-Renewal Law ("ARL"), and with it California's Unfair Competition Law ("UCL").

6. Plaintiff brings this class action to stop Defendant from continuing its deceptive practices and either recover damages on behalf of herself and all others similarly situated or, in the alternative, obtain restitution of Amazon's unlawful charges.

## PARTIES

7. Plaintiff Julia Heck is a citizen of Fortuna, California in Humboldt County. Plaintiff's was improperly charged $14.95 for an Audible subscription she did not agree to for every month from April of 2021 to July of 2021 for a total of $59.80.

8. Defendant Amazon.com, Inc. is a Delaware corporation with a principal place of business in Seattle, King County, Washington.

9. During the relevant statutes of limitations, Plaintiff purchased a Prime membership within her this district for her personal use.

## JURISDICTION

10. This court has personal jurisdiction over Defendant because it conducts and transacts business within California and contracts to supply and supplies goods within California.

11. The Court has general subject matter jurisdiction over this unlimited civil case. The amount in controversy exceeds $25,000, and Plaintiff seeks equitable relief including but not limited to injunctive and declaratory relief.

12. Venue is proper in this Court because a substantial part of the events and misrepresentations giving rise to Plaintiff's claims occurred in this county and Defendant has intentionally availed itself of the laws and markets of this county through the promotion, marketing, distribution, and sale of its services here.

## SUBSTANTIVE ALLEGATIONS

13. Prime members must provide to Amazon a payment method to be maintained on file in the member's "Wallet." Payment methods include credit cards, debit cards, and personal checking accounts. One payment method must be selected as the member's "default" payment method, and that default method allows Amazon to charge that method for any digital purchases, including Audible subscriptions.

14. Amazon promotes its Audible services on its Amazon website, app, and on its Kindle platforms. Prime members, in particular, are targeted for enrollment in a subscription to Audible through a process that is not clear to members. Many Prime members have no idea that Audible is not free with their Prime membership or that Amazon has enrolled them in a paid

subscription to Audible. Other Prime members have no idea how they were signed up for Audible until they later see Audible's monthly charges.

15. Inadvertent Audible membership is not adequately disclosed to the Prime members. For example, if a Prime member is enrolled by Amazon in Audible, the Prime member does not receive any conspicuous materials from Audible by email confirming enrollment or notifying of monthly charges. In other instances, Prime members unsubscribe, yet continue to be charged across the various payment methods in the Prime members' "Wallet."

16. There have been thousands of complaints about this deceptive practice.

17. On Amazon's own forum, Patricia C. stated:

> I was charged $14.95 audible charge to my checking account. It is called a gold membership order number. I have never authorized this charge, plus I never signed up for this membership plus the address is incorrect.
>
> You tried to charge me before on a credit card and I finally had all cancelled and removed then I removed the card it was charged on
>
> Now you went to my checking account and charged me $14.95 I have never signed up for this membership and the order number. Please cancel this order and remove me permanently from this membership I have since wiped and removed all my credit cards and banking accounts from this system. This is the second time this has been done. I gave no authorization for a, one time click payment, for my accounts to be charged
>
> Please respond Thank you

https://www.amazonforum.com/s/question/0D54P00007Ph1BJ/i-have-a-question-about-an-audible-charge-on-my-account)

18. On Reddit, there are numerous postings about this improper practice:

> I renewed my prime with a trial because I let it go for awhile to save some money. A few days later audible is charging me 16.99... I didn't sign back up for audible or anything. Is this something automatic when you sign up prime?

19. The following post is also on Reddit:

> I have never signed up or even been to their website but had a withdraw from my bank account for a month of audible. I called audible and my bank, they returned my money in 3 days. I don't know how they got my card numbers but I let it go and forgot all about it. My Mother in law called me today and she is also being charged monthly for a subscription to audible that she has never heard of. I'm just curious if anyone else has this issue. When I googled it I found that this is common for this company to do. I would just like to know how they manage to get my card information, wish and Amazon are the only places that have my card info.

20. On Sitejabber, a leading online destination for customer ratings and reviews of businesses, there are hundreds of reviews warning consumers about Audible's unauthorized charges.

21. Tricia M. wrote on October 25, 2020:

> I ordered a book during my "free trial". After that, I discontinued my trial BEFORE the trial period ended. Since then 4-5 months later I keep getting charged every month on the 5th. I reached out to customer service and all i get is the run around. So, I suppose they don't care about their reputation as I would never refer anyone to take the "free trial". At this point I plan to make a complaint with the better business bureau if this is not resolved asap.

22. Kyle D. wrote on April 6, 2021:

> As others have written, DO NOT SUBSCIBE TO AUDIBLE! Even after confirming being unsubscribed on multiple occasions over multiple months, it keeps charging! This is horrible practice on the part of auduble/amazon and its only a matter of time before someone digs deeper in this shady financial malpractice given the number of reviews im finding saying the same thing. Again, to reiterate, this is with confirmation of unsubscribing, it continues to charge.

23. Jane P. wrote on March 13, 2021:

> I had an account on amazon prime to watch movies and cancelled it in July 2020, then I noticed I kept getting emails from amazon audible and thought nothing of it until I checked my credit card account and found they had been charging me for this service since December 2020 and a few more payment transactions in 2021 for a subscription I never signed up for. I have all the emails to show that I cancelled amazon in July 2020 yet how could a company take your details and sign you up to a service that you did NOT authorize! It is illegal.

24. Linoel L. wrote on November 3, 2020:

> I've never used audible, never logged in, never bought anything from them. I did the Amazon Prime free trial tho, and for some reason these guys charged my credit card $16.18. STAY AWAY

25. Michael K. wrote on March 7, 2020:

> I do not have an audible account but was charged for a monthly subscription. Audible claimed my credit card was a default backup credit card because my wife had used that credit card for a purchase on Amazon a year ago. Amazon stored my credit card information then provided it to Audible so Audible could charge my card without my authorization or knowledge, seem illegal to me...

26. Laura P. on March 4, 2020 wrote:

> I've had an amazon prime account for years. NEVER ordered, authorized or accepted an audible account. Was charged on Sunday, called, complained and had it refunded. Immediately after refunding, they charged my sons account

> (his debit card was removed from my account a couple of months ago.) Not only did they charge him, they obviously save debit cards that have been used (he bought a gift for his girlfriend which is the only reason his card was ever on my account) Investigation opened, they have so many complaints, class action law suits... Amazon needs to quit partnering with them. WATCH YOUR ACCOUNTS CLOSELY.

27. Because Prime members are not clearly informed about their enrollment to Audible or the monthly charges for Audible subscriptions, it can take months before Prime members discover that they have been or continue to be enrolled, and it can take months for Prime members to stop their unwanted subscription. However, rather than refund the entirety of the unwanted subscription charges, Amazon limits the amount of subscription payments it will refund and/or the time period for which it will refund. As a result, many Prime members are charged for months of Audible subscriptions they did not want and did not use.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action as a class action pursuant to section 382 of the California Code of Civil Procedure. On all claims, Plaintiff brings this action on behalf of:

> All persons in California who were charged for Audible services from May 13, 2018 to the date of judgment, and did not stream or download any content from Audible during the subscription period or after the free trial subscription period.

(the "Class")

29. Excluded from the Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

30. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

31. Numerosity. The Class is so numerous that the individual joinder of all of its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the tens of thousands and that members of the Class are geographically dispersed across California. While the exact number and identities of the Class

members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

32. Well-Defined Community of Interest. As further alleged below, there is a well-defined community of interest with respect to the Class, since there are (1) predominant common questions of law or fact; (2) a Class representative with claims or defenses typical of the Class; and (3) a Class representative who can adequately represent the Class.

33. Common questions of law and fact exist as to all members of the Class, and these common questions predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

- Whether Defendant's actions in signing up and charging Prime members for a service they did not want, request, or use violated the UCL CLRA and FAL;
- Whether Defendant caused injury to Plaintiff and the class members; and
- What is the scope of injunctive relief that should be imposed against Defendant to prevent such conduct in the future.

34. Plaintiff's claims are typical of those of the Class because, like all members of the Class, she was unknowingly enrolled in and paid for a service they did not want, request or use, and they sustained injury from Defendant's wrongful conduct.

35. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

36. Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class

action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

37. This action is maintainable as a class action under the California Code of Civil Procedure for injunctive relief because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the Class as a whole.

38. This action is maintainable as a class action under the California Code of Civil Procedure for monetary relief because the common questions of law and fact identified above, without limitation, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39. Notice. Plaintiff and his counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Consumers Legal Remedies Act - Cal. Civ. Code §1750, et seq.)**
**On Behalf of Plaintiff and the Class**

40. Plaintiff realleges and incorporates by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

41. This cause of action is brought pursuant to the Cal. Civ. Code §1750, et seq.

42. Defendant's actions, representations and conduct have violated and continue to violate the CLRA, as they extend to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to consumers.

43. Plaintiff and other Class Members are "consumers" as that term is defined in Cal. Civ. Code §1761(d).

44.     The Audible service for which Plaintiff and other similarly situated Class members unknowingly were charged are "goods" and/or "services" within the meaning of Cal. Civ. Code § 1761.

45.     By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate the following sections of the CLRA:

- Section 1770(a)(5), which prohibits representing that goods or services have characteristics, uses, benefits or ingredients that they do not have;

- Section 1770(a)(14), which prohibits unfair methods of competition and unfair or deceptive acts or practices that represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

- Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

46.     Plaintiff requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780. If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

47.     On information and belief, Defendant's actions were willful, wanton, and fraudulent.

48.     On information and belief, officers, directors, or managing agents at Defendant authorized the use of the misleading statements about the Products.

49.     On March 11, 2022, Plaintiff sent a letter to Defendant pursuant to Cal. Civ. Code §1782 that provided Defendant notice of the misconduct and requested that Defendant cure its misconduct within 30 days (the "CLRA Notice").

50.     Defendant has not corrected or remedied the unlawful conduct after receiving the CLRA Notice, and Defendant continues to engage therein.

51.     In addition to injunctive relief, Plaintiff seeks damages for Defendant's violation of the CLRA.

**SECOND CAUSE OF ACTION**
**(Unfair and Unlawful Business Acts and Practices, In Violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE 17200 *et seq.*) On Behalf of Plaintiff and the Class**

52. Plaintiff realleges and incorporates by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

53. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

54. Defendant's Audible services constitute a "Continuous service" under the ARL. *See* Cal. Bus. & Prof. Code § 17601(e).

55. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute "unlawful" business acts and practices in that they violate the ARL.

56. More specifically, the ARL provides:

> (a) It shall be unlawful for any business to make an automatic renewal offer or continuous service offer to a consumer in this state to do any of the following:
>
> (1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchase agreement is fulfilled. . .;
>
> (2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time;
>
> (3) Fail to provide an acknowledgement that included the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. . . .

Cal. Bus. & Prof. Code § 17602.

57. Defendant's conduct violates each provision of the ARL, specifically,

a. Defendant failed to disclose to Plaintiff and the Class members, in a clear

and conspicuous manner, that they would be signed up for Audible, and that they would be charged $14.95 per month *ad infinitum*. Specifically, by the purchase icon, there was not a statement that: (i) subscription or purchasing agreement will continue until the consumer cancels; (ii)_a description of the cancellation policy that applies to the offer; (iii) that the service is continuous; nor were these statements "clear and conspicuous."

b. Defendant charged Plaintiff and the Class members $14.95 per month on their "Wallet" for Audible services without first obtaining consumers' affirmative consent and agreement to the terms. Plaintiff and the Class members were unaware that they were being charged;

c. Defendant failed to provide an acknowledgement to Plaintiff and the Class members that included Audible's terms, cancellation policy, and information regarding how to cancel the Audible account.

58. Had Defendant's made clear that Plaintiff and the Class members were going to be charged $14.95 for their Audible accounts, Plaintiff and the Class members would not have spent $14.95 per month for the accounts.

59. As a result, Plaintiff and the Class members expended money they would not have otherwise spent had they been aware they were going to be charged for Audible, and that those charges were ongoing.

60. Had Plaintiff and the members of the Class been aware of Defendant's unlawful tactics, they would not have purchased Defendant's Product at all or would have paid less than what they did for it.

61. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful acts and practices and to commence corrective action.

62. Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of Defendant's Products that were unjustly acquired through unlawful acts and practices.

63. Plaintiff lacks an adequate remedy at law because the ARL does not contain a

private right of action, and therefore Plaintiff and the Class members' sole recourse for Defendant's violation of the ARL is a claim via the UCL, which does not provide for damages. In addition, Plaintiff lacks an adequate remedy at law for future harm.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

- Certification of the Class, certifying Plaintiff as representative of the Class and designating their counsel as counsel for the Class;
- A declaration that Defendant has committed the violations alleged herein;
- For injunctive relief and damages pursuant to the UCL and CLRA;
- Restitution and disgorgement pursuant California Business & Professions Code §§ 17200, *et seq.*;
- For punitive damages;
- For interest at the legal rate on the foregoing sums;
- For attorneys' fees;
- For costs of suit incurred; and
- For such further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Respectfully submitted,

Date: May 13, 2022

**REESE LLP**

By: [signature]
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Charles D. Moore (to be admitted *pro hac vice*)
100 South 5th Street, Suite 1900
Minneapolis, MN 55402
Telephone: 212-643-0500
Fax: 212-253-4272
Email: *cmoore@reesellp.com*

*Counsel for Plaintiff and the Proposed Class*