UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HECK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC. and AUDIBLE, INC.,<br>Defendants. | Case Number: 4:22-cv-03986-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California regarding Contents of Case Management Statements, Plaintiff Julia Heck, and Defendants Amazon.com, Inc. and Audible, Inc. submit this Joint Case Management Statement.

1. **Jurisdiction & Service**

At this stage, all parties have been served. On July 7, 2022, Defendant Amazon.com, Inc. removed the matter from Humboldt County Superior Court, invoking subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), Dkt. 1. Plaintiff did not move to remand. Amazon moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 5, 2022. Dkt. 19. On August 26, 2022, Plaintiff filed an Amended Complaint, invoking subject matter jurisdiction pursuant to Amazon.com Inc's Notice of Removal. *See* Dkt. 21, ¶ 8. The Amended Complaint

added Defendant Audible, Inc., which is headquartered in Newark, New Jersey. *See id.* ¶ 11. All other grounds for CAFA jurisdiction outlined in the Notice of Removal remain unchanged.

On September 26, 2022, Defendants filed a joint Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 36. Neither Defendant moved to dismiss for lack of personal jurisdiction, improper venue, or insufficient process.

**2. Facts**

**Plaintiff's Position:**

Amazon is an internet enterprise providing goods and services through its online platforms. Consumers can become Amazon Prime members for approximately $119 per year, and receive a number of benefits including, shipping, shopping, streaming, reading, and other benefits. Audible is a wholly owned subsidiary of Amazon, and provides downloadable and streaming audio content for a monthly fee. Amazon surreptitiously enrolled its Prime members in paid subscriptions to Audible through a process that is likely to deceive reasonable consumers.

In the case of Plaintiff, her Prime membership entitled her to two-day delivery of items. In making a purchase, Amazon offered Plaintiff its "No-Rush Shipping Program" in which she would receive free digital credits at Audible in exchange for taking delivery later than two days. Having accepted this offer, and unbeknownst to Plaintiff, Defendants then surreptitiously enrolled her in an Audible subscription, and began to charge $14.95 per month to the credit card on file with Amazon—from April 2021 to July 2021—for a total of $59.80. Upon discovery of the charges, Plaintiff cancelled the Audible subscription.

Plaintiff brings this putative class action against Defendants on behalf of all persons in California who were charged for Audible services from May 13, 2018 to the date of judgement and who did not stream or download any content from Audible during the subscription period or after the free trial subscription period. Plaintiff brings claims under the California Consumer

Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*

**Defendants' Position:**

In March 2022, Plaintiff's counsel sent a demand letter and draft complaint to Amazon (but not Audible), claiming that Amazon falsely promoted Audible as "free with a Prime subscription." Amazon denied that allegation, and Plaintiff brought this lawsuit shortly thereafter. The crux of Plaintiff's original Complaint was that because Amazon uses the phrase "Free Titles at Audible" when listing the benefits of a Prime membership, consumers are somehow duped into believing that the Audible service in its entirety is "free" for Prime members. But the Complaint also cited Amazon webpages that put the phrase "Free Titles at Audible" in context, making clear that Amazon Prime members can choose *two* free Audible titles as part of a free trial, after which users agree to pay a clearly disclosed monthly subscription fee. Specifically, the full statement read "Free Titles at Audible: Prime members are invited to start an Audible Premium Plus trial with 2 credits that can be used on any titles."[1] Notably, Plaintiff's counsel had included this full statement in their earlier draft complaint, but removed it from the final version. Amazon moved to dismiss on the grounds that (among other things) Plaintiff had failed to identify any false representation by Amazon, any reliance, or any injury. Dkt. 19.

Rather than respond to that motion, Plaintiff filed an Amended Complaint, this time naming Audible (a separate company) in addition to Amazon. As with the original Complaint, Plaintiff asserts claims for violations of California's CLRA and UCL, on her own behalf and on behalf of a putative class. But instead of trying to salvage the original claim about "free titles," the Amended Complaint relies on an entirely new theory. Now, Plaintiff alleges that she was

---

[1] A Prime customer seeing this who wanted to explore more information about Audible could click on the blue "Free Titles at Audible" hyperlink, which would take the user to an Audible webpage offering a free trial, and making clear that after the free trial, the monthly membership fee would be $14.95.

somehow enrolled in an Audible membership after choosing delayed Amazon Prime shipping in exchange for credits toward certain Amazon digital purchases. But this theory makes even less sense than the last one. Choosing delayed shipping from Amazon has nothing to do with Audible, and the Amended Complaint provides no facts that, even if true, would prove otherwise.

As explained more fully in Defendants' pending motion to dismiss (Dkt. 36), Plaintiff's Amended Complaint fails to state any valid cause of action. It asserts that Defendants made misrepresentations, but it does not identify what those misrepresentations were. Nor does Plaintiff claim that she ever saw, much less relied on, any misrepresentation by either Amazon or Audible. The Amended Complaint refers to an enrollment process for Audible that is "likely to deceive reasonable consumers," but Plaintiff never states that *she* used any such enrollment process or read any disclosures or representations about Audible or its pricing. Plaintiff also claims that Defendants make it difficult for customers to cancel Audible subscriptions, and that they limit refunds when customers cancel, but Plaintiff never claims that *she* had any difficulty cancelling an Audible subscription, or that *she* sought or was denied a refund. The Complaint quotes online complaints by *others*, but it fails to allege how—or even whether—Plaintiff herself was deceived or injured, except for a conclusory allegation that she was charged "without her consent."

3. **Legal Issues**

**Plaintiff's Position**

Plaintiff's CLRA claim is judged by whether it would deceive reasonable consumers. *Sere Salazar v. Target Corp.*, 2022 WL 4298521, at *3 (Cal. Ct. App. Sept. 19, 2022). The question for the trier of fact is whether Defendants' practices could deceive a consumer acting reasonably.

Plaintiff's UCL claim invokes the unlawful prong of the UCL in order to enforce Defendants' violation of the CLRA and California's Auto-Renewal Law ("ARL"). The legal

questions include whether Defendants' Audible services constitute "continuous services" under the ARL, whether Defendants failed to present the autorenewal offer terms in a clear and conspicuous manner, whether they obtained affirmative consent to the automatic renewal terms, and whether they failed to provide an acknowledgment of the terms and cancellation policy. *See* Cal. Bus. & Prof. Code § 17601 & 17602.

Both the CLRA and UCL claims raise the issue of whether Plaintiff and the putative class members have been injured and how much.

Finally, Plaintiff seeks to represent a class under Rule 23. This raises legal issues of numerosity, commonality, typicality, and adequacy. Plaintiff seeks certification of a Rule 23(b)(2) injunctive relief class which raises questions of whether Defendants acted or refused to act on grounds generally applicable to the class as a whole. Plaintiff also seeks certification of a Rule 23(b)(3) monetary relief class which raises questions of predominance and superiority.

**Defendants' Position**

As more fully stated in Defendants' pending motion to dismiss (Dkt. 36), Plaintiff has failed to state a valid claim, and her Complaint should be dismissed under Rule 12(b)(6). The Complaint fails to meet the most basic requirements of Rule 8(a): to provide a short, plain statement showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Moreover, Plaintiff's CLRA and UCL claims sound in fraud and are subject to Rule 9(b)'s heightened pleading standard, a point that Plaintiff apparently concedes. *See* Am. Compl. ¶ 27; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that CLRA and UCL claims based on misrepresentations and omissions are subject to Rule 9(b)'s heightened pleading standard).

Plaintiff invokes CLRA sections requiring a misrepresentation, and therefore sounding in fraud, yet she fails to identify any representation by Amazon or Audible. *See* Cal. Civ. Code §§ 1770(a)(5), 1770 (a)(14), and 1770(a)(16). She vaguely alleges the existence of a "surreptitious[]" Audible enrollment "process" that violates California's ARL, without offering supporting facts or alleging that she used such a process herself. Am. Compl. ¶¶ 4, 9. Such

allegations about alleged ARL violations are insufficient to state a claim. *See Arnold v. Hearst Magazine Media, Inc.*, No. 19-cv-1969-WQH-MDD, 2020 WL 3469367, at *7 (S.D. Cal. June 25, 2020) (dismissing complaint where plaintiff "fail[ed] to allege facts from which the [c]ourt can identify any violation of the Automatic Renewal Law"). By the same token, Plaintiff does not allege the required elements of causation or injury, as she does not claim to have personally used the purportedly deceptive "process." *See Turnier v. Bed Bath & Beyond Inc.*, 517 F. Supp. 3d 1132, 1140 (S.D. Cal. 2021) (dismissing claims, noting "[i]f Plaintiff did not knowingly enroll in [defendant's subscription service], the Court cannot reasonably infer that the [ARL-]required disclosures would have altered the outcome"). These deficiencies—and others discussed in Defendants' motion to dismiss—defeat the CLRA claim.

Separately, the CLRA claim fails for the independent reason that Plaintiff did not provide required pre-suit notice. *See* Cal. Civ. Code § 1782(a) (requiring notice at least thirty days before commencing an action for damages); *see also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949-50 (S.D. Cal. 2007) (dismissing CLRA claim with prejudice for failure to give notice before filing claim). Plaintiff's counsel provided *no* pre-suit notice to Audible. While counsel did send a notice to Amazon, that notice discussed the "Free Titles" theory of liability that Plaintiff has since abandoned in favor of the new "No-Rush Shipping" theory. The notice to Amazon therefore failed to give notice "of the particular alleged violations," or any opportunity to address it, as Section 1782(a) requires.

Plaintiff also fails to allege a viable claim under the UCL. Cal. Bus. & Prof. Code § 17200. Her UCL claim relies on an underlying violation of the ARL, but it provides only conclusions and no facts showing that Defendants failed to comply with the ARL. Such conclusory allegations fail to state a UCL claim. *See Turnier*, 517 F. Supp. 3d at 1140 (dismissing UCL claim predicated on ARL violations where there were "insufficient factual allegations to show [d]efendant did not comply with section 17602(a)(2) or 17602(a)(3)"); *Arnold*, 2020 WL 3469367, at *7 (dismissing complaint where plaintiff "fail[ed] to allege facts

from which the [c]ourt can identify any violation of the Automatic Renewal Law"). In particular, the Amended Complaint offers no explanation of what Amazon's "No-Rush Shipping" program has to do with Plaintiff's alleged enrollment in Audible.

Plaintiff likewise falls short of pleading facts establishing causation of injury, given her failure to allege whether she went through the Audible enrollment process and, if so, what disclosures or representations she saw. *See, e.g.*, also *Rutter v. Apple Inc.*, No. 21-CV-04077-HSG, 2022 WL 1443336, at *6 (N.D. Cal. May 6, 2022) (holding that plaintiffs did not have standing to assert a UCL claim premised on a violation of the ARL where they did not allege they read the terms and conditions at issue); *see also Mayron v. Google LLC*, 54 Cal. App. 5th 566 (2020) (affirming dismissal of UCL claim based on alleged ARL violation for failure to establish causation of injury).

To the extent that Plaintiff hopes to rely on *other* customers' alleged experiences with Audible (*see, e.g.*, Am. Compl. ¶¶ 17-26), her claim must be dismissed. Plaintiffs who seek to serve as class representatives must allege and ultimately prove that they *personally* have been injured, "not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). Because Plaintiff has failed to state facts showing reliance on any alleged misrepresentations, the CLRA claim should be dismissed.

4. **Motions**

Defendants filed a motion to dismiss on September 26, 2022 (Dkt. 36) and a motion to stay discovery pending a decision on that motion on September 28, 2022 (Dkt. 37). Plaintiff anticipates filing a motion for class certification, and (if the case moves past the pleading stage) both parties anticipate filing motions for summary judgment. These motions are in addition to any expert challenges, as well as pretrial motions.

## 5. Amendment of Pleadings

**Plaintiff's Position**

Plaintiff amended her complaint once. If the Court grants Defendants' Motion to Dismiss, she anticipates seeking leave to file a Second Amended Complaint to correct any deficiencies identified by the Court. If the Court denies any portion of Defendants Motion to Dismiss, and Plaintiff does not amend her current complaint, Defendants will file an Answer with affirmative defenses at that time.

**Defendants' Position**

Defendants contend that the Amended Complaint fails to state a claim, and that dismissal with prejudice is warranted. If the Court permits amendment following the hearing on Defendants' motion to dismiss (scheduled for hearing on December 2, 2022), Defendants would propose that the Court schedule a further case management conference to set a schedule, including deadlines for amending pleadings.

## 6. Evidence Preservation

The parties have reviewed the ESI Guidelines and met and conferred pursuant to Rule 26(f) regarding preservation of evidence. At this time, the parties have not identified, nor anticipate, any issues around ESI.

## 7. Disclosures

The parties served their Initial Disclosures on October 5, 2022. Defendants contend they are unable to provide full disclosures of categories of relevant documents or likely witnesses, because the Amended Complaint does not adequately provide notice of the basis for Plaintiff's claims. Plaintiff disagrees with this contention.

## 8. Discovery

Plaintiff seeks to move ahead with discovery despite the pendency of Defendants' motion to Dismiss the amended complaint. Defendants filed a motion to stay discovery pending a decision on their motion to dismiss the amended complaint (Dkt. No. 37).

The parties do not propose any limitations or modifications of the discovery rules. If the case proceeds, the parties do not anticipate a need for an e-Discovery Protocol, but do anticipate filing a proposed protective order based on the Court's model orders. The parties have not identified any discovery disputes.

## 9. Class Actions

Plaintiff intends to seek certification of a Rule 23(b)(2) injunctive relief class, as well as a Rule 23(b)(3) monetary relief class. The class as currently defined would be:

> All persons in California who were charged for Audible services from May 13, 2018 to the date of judgement and who did not stream or download any content from Audible during the subscription period or after the free trial subscription period.

Plaintiff proposes that she move for class certification by **June 9, 2023**. Defendants oppose this date, and believe the Court should defer setting a schedule until it has decided the pending Motion to Dismiss the Amended Complaint, scheduled for hearing on December 2, 2022.

## 10. Related Cases

**Plaintiff's Position**

Plaintiff contends that there is a related case pending in the Eastern District of New York: *McCarthy v. Amazon.com, Inc.*, No. 2:22-cv-02384-KAM-SIL. That action involves the same counsel and similar factual allegations. However, it brings claims under New York's consumers protection laws on behalf of a putative class of New York consumers. The parties have submitted pre-motion letters, and have been ordered to a settlement conference before Magistrate Judge Locke. That conference has yet to be scheduled.

**Defendants' Position**

Defendants do not agree that the *McCarthy* case is related, under the definition of the term in Civil L.R. 3-12. The factual allegations of the two actions differ significantly. The

*McCarthy* case involves allegations that Amazon engages in false advertising and unfair business practices when it uses the phrase "Free Titles at Audible" when listing the benefits of a Prime membership.  But in this case, Plaintiff abandoned that claim and now alleges that she was somehow enrolled in an Audible membership after choosing delayed Amazon Prime shipping in exchange for credits toward certain Amazon digital purchases.  The Plaintiff in *McCarthy* makes no similar allegation.  Additionally, Defendant Audible is not a party in the *McCarthy* case.  The cases also involve different legal theories.  This action involves two claims under California statutes (the CLRA and UCL), whereas *McCarthy* alleges violations of two New York statutes (New York GBL §§ 349 and 350).  The proposed classes are also different: this action purportedly involves "[a]ll persons in California who were charged for Audible services from May 13, 2018 to the date of judgment and who did not stream or download any content from Audible during the subscription period or after the free trial subscription period;" whereas the *McCarthy* action purportedly involves "[a]ll persons in New York [who] were charged for Audible services from April 26, 2019 to the date of judgment."  As a result, these two actions do not concern substantially the same parties, nor the same property, transactions, or events, and therefore are not "related cases" under Civil L.R. 3-12.

**11. <u>Relief</u>**

Plaintiff seeks a declaration that Defendants have committed the violations alleged in the Complaint; an injunction prohibiting Defendants from continuing the complained of practices, restitution under the UCL, damages under the CLRA, punitive damages, interest on these sums, attorney fees and costs, and other relief as the Court may deem appropriate.

At present, the total amount sought is unknown to Plaintiff as the total number of class members and the amounts they were charged is likewise unknown to Plaintiff.  Similarly, the amount of attorney fees and costs is unknown as they are determined based on the amount of time expended in prosecuting the action, and the costs can vary depending on the number of depositions, volume of document production, and the costs of experts.  In its Notice of Removal,

Amazon estimated that, based on the allegations in the Complaint, the total amount at stake exceeds $5,000,000. *See* Dkt. 1, ¶ 13.

Defendants deny any liability, and that Plaintiff is entitled to any relief.

### 12. Settlement and ADR

The parties have engaged in only cursory discussions of settlement but have not engaged in any formal ADR process. If the Court requires that the parties engage in a formal ADR process, the parties agree that private mediation would have the greatest chances for success. Defendants believe that any ADR process would be premature before a resolution of Defendants' pending motion to dismiss the Amended Complaint.

### 13. Consent to Magistrate Judge For All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

### 14. Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties have not identified any issues that could be narrowed, nor do they believe it would create any efficiencies to bifurcate the matter.

### 16. Expedited Trial Procedure

The parties do not believe the matter could be handled under the Expedited Trial Procedure.

### 17. Scheduling

The parties disagree as to whether discovery should proceed during the pendency of Defendants' Motion to Dismiss, and as a result whether the schedule can and should be set. The following are the parties' competing proposals:

**Plaintiff's Proposal**

a. Joinder of Additional Parties: March 10, 2023

b. Amendment of the Pleadings: March 10, 2023

c. Motion for Class Certification: June 9, 2023

d. Plaintiff's Expert Disclosure: June 9, 2023

e. Defendant's Opposition to Motion for Class Certification: July 7, 2023

f. Defendant's Expert Disclosure: July 7, 2023

g. Plaintiff's Reply in Support of Motion for Class Certification: August 11, 2023

h. Close of Fact and Expert Discovery: December 8, 2023

i. Dispositive Motions: January 12, 2024

j. Pretrial Hearing: To be determined by the Court following orders on dispositive motions

k. Pretrial Motions: To be determined by the Court following orders on dispositive motions

l. Trial: To be determined by the Court following orders on dispositive motions

**Defendants' Proposal**

Defendants have moved to dismiss the Amended Complaint (Dkt. No. 36), and have moved to stay discovery pending a decision on that motion (Dkt. No. 37). Defendants believe the Court should defer setting a schedule until the Court has ruled on the motion to dismiss, which they believe will dispose of the case.

**18. Trial**

Plaintiff requests all matters so triable be tried to a jury. Defendants believe the case should be dismissed, but they reserve the right to seek a jury trial should the case proceed past the motion to dismiss.

**19. Disclosure of Non-party Interested Entities or Persons**

All parties have filed their Certifications of Interested Entities and Persons.

Plaintiff states that she knows no entities or person other than herself, other proposed class members, and her attorneys that have a financial interest in this matter. Dkt. 31. Defendants state that Audible, Inc. is a wholly-owned subsidiary of Amazon.com, Inc. Dkt. 35. Amazon is a publicly held company and has no parent corporation and no publicly held corporation owns 10% or more of its stock. Dkt. 3.

**20. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

The parties are unaware of additional such matters at this time.

Dated: October 5, 2022                REESE LLP

                                      By: /s/ Charles D. Moore
                                           Michael R. Reese
                                           Sue J. Nam
                                           Charles D. Moore
                                           George V. Granade

                                           Counsel for Plaintiff Julia Heck and the
                                           Proposed Class

Dated: October 5, 2022                FENWICK & WEST LLP

                                      By: /s/ Jedediah Wakefield
                                           Jedediah Wakefield
                                           Brian D. Buckley
                                           Matthew Becker
                                           Janie Yoo Miller
                                           Esther D. Galan

                                           Counsel for Defendants Amazon.com, Inc.
                                           and Audible, Inc.

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory indicated by a "conformed" signature (*/s/*) within this e-filed document.

*/s/ Jedediah Wakefield*
Jedediah Wakefield

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE