UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HECK,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-03986-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 36 |

Now before the Court for consideration is the motion to dismiss Plaintiff's First Amended Complaint ("FAC") submitted by Defendants Amazon.com, Inc. and Audible, Inc. ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendants' motion with leave to amend.

**BACKGROUND**

Plaintiff Julia Heck ("Plaintiff") alleges that Amazon subscribes its Prime members to a paid Audible membership by offering Prime members free digital credits in exchange for delayed Amazon Prime delivery (the "No-Rush Shipping Program"). (Dkt. No. 21 ("FAC") ¶ 15.) Plaintiff alleges Amazon uses the customer's agreement to the "No-Rush Shipping Program" to enroll the customer in a "free trial" membership with Audible. (*Id*.) After the "free trial" ends, Amazon passes the Audible credit card information on file to Audible, allowing Audible to charge monthly subscription fees for its services. (*Id*.) Plaintiff alleges the inadvertent Audible membership is not adequately disclosed to Prime members and as a result, it can take months before a member discovers they have been enrolled. (*Id*. ¶¶ 16, 26.)

In March of 2021, Plaintiff Julia Heck ("Plaintiff") made several purchases with Amazon through her Amazon Prime account. (*Id.* ¶ 9.) At the time of purchase, Amazon gave Plaintiff the option to wait an additional two days for her delivery in exchange for free digital credits from Amazon (the "No-Rush Shipping Program.") (*Id.*) Plaintiff agreed to the delayed delivery so she could receive the free digital credits. (*Id.*) Plaintiff alleges Amazon used the "No-Rush Shipping Program" to "surreptitiously enroll Plaintiff in an Audible account and gave Audible Plaintiff's credit card information on file with Amazon." (*Id.*) Plaintiff alleges Audible improperly charged her a monthly fee of $14.95 for an Audible subscription for a total of $59.80 until she discovered the error and cancelled her Audible subscription. (*Id.*)

Based on these allegations, Plaintiff brings two causes of action for violations of California's Consumer Legal Remedies Act, Cal Civ. Code section 1750, *et seq*. ("CLRA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 *et seq*. ("UCL").

## ANALYSIS

### A.     Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As a general rule, "a district court may not consider any material beyond the pleadings in

2

1 ruling on Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled
2 on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation
3 omitted).  However, a court may consider documents that subject to judicial notice on a motion to
4 dismiss without converting the motion to one for summary judgment.  *See Mack S. Bay Beer
5 Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. &
6 Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  If the allegations are insufficient to state a claim, a
7 court should grant leave to amend unless amendment would be futile.  *See, e.g., Reddy v. Litton
8 Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection
9 Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### B.  Plaintiff Failed to Comply with the CLRA's Pre-Suit Notice Requirement.

Defendants contend that Plaintiff's CLRA claim is procedurally defective.  A CLRA plaintiff seeking monetary damages must give notice to the defendant of the alleged violations at least 30 days before filing suit, and "[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770."  Cal. Civ. Code § 1782(a).  "The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim" for damages.  *Keilholtz v. Superior Fireplace Co.,* No. 08-cv-836 CW, 2009 WL 839076, at *2 (N.D. Cal. Mar.30, 2009) (citing *Outboard Marine Corp. v. Sup. Ct.*, 52 Cal.App.3d 30, 40-41 (1975)).  "The purpose of the notice requirement ... is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements," and this "purpose may only be accomplished by a literal application of the notice provisions."  *Outboard Marine,* 52 Cal.App.3d at 40-41.

Plaintiff's pre-suit notice to Amazon failed to comply with the CLRA's pre-suit notice requirement.  Plaintiff sent Amazon a letter on March 11, 2022 notifying Amazon that it violated the CLRA because it "marketed, labeled, and advertised—and continues to market, label, and advertise—[Audible] as free with a Prime subscription."  Dkt. No. 36-1, Declaration of Jedediah Wakefield, Ex. 1.  However, Plaintiff abandoned that theory of liability, which was advanced in her original complaint, in her FAC.  She now claims Amazon violated the CLRA because it used its "No-Rush Shipping Program" to surreptitiously enroll Plaintiff in an Audible account and then

3

Audible improperly charged Plaintiff a monthly subscription fee. The March 11, 2022 pre-suit notice letter did not give Amazon sufficient notice of this alleged violation to permit corrections.

Plaintiff also failed to provide pre-suit notice to Audible. Plaintiff contends because she sent notice to Amazon, she satisfied the CLRA pre-suit notice requirement as to Audible because Audible is a wholly owned subsidiary of Amazon and is represented by the same attorneys. Plaintiff provides no authority supporting this proposition, and the Court finds she cannot rely on the notice she sent to Amazon to satisfy the requirement as to Audible. *See Herron v Best Buy Stores, L.P.*, No. 12-cv-02103-GEB-JEM, 2014 WL 465906, at *4 (E.D. Cal. Feb. 4, 2014) (rejecting argument that plaintiff satisfied CLRA notice requirement by sending notice to the defendant's parent company). Further, the letter Plaintiff sent to Audible on October 5, 2022 is insufficient to satisfy the pre-suit notice requirement because, like the letter to Amazon, it states the CLRA violation is based on the marketing, labeling, and advertising of Audible as free with an Amazon Prime Subscription; it does not notify Audible of the "No-Rush Shipping Program" enrollment theory. *See* Dkt. No. 44-1, Declaration of Sue J. Nam, Ex. B. Additionally, Plaintiff sent her letter to Audible on October 5, 2022, two months *after* she filed the FAC.

The Court grants Defendants' motion to dismiss the CLRA cause of action for damages for failing to comply with the CLRA's pre-suit notice requirement.[1] The Court will allow Plaintiff leave to amend to correct the errors in her pre-suit notice.

### C.     Plaintiff Fails to Allege an Actionable Misrepresentation or Omission.

Plaintiff's claims are based on the theory that Amazon deceived its customers by failing to disclose that choosing the "No-Rush Shipping Program" when making a purchase with Amazon Prime would cause the customer to be enrolled in and charged for an Audible subscription. Because Plaintiff's claims under the UCL and CLRA sound in fraud, they must meet the particularity standards of Rule 9(b).[2] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

---

[1] Plaintiff seeks damages and injunctive relief under the CLRA. The notice requirement applies only to claims for damages. *See* Cal. Civ. Code § 1782(d) ("An action for injunctive relief brough under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a).").

[2] Generally, the standard for deceptive practices under the fraudulent prong of the UCL applies equally to claims for misrepresentation under the CLRA, and courts often analyze the sufficiency

2009) (noting that UCL claims under the fraudulent prong must meet the heightened pleading standards of Rule 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged.'"). The allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

   Plaintiff's allegations regarding Amazon's alleged misrepresentation fall short of 9(b). Plaintiff's conclusory labels of "who, what, where, when, and how" in the FAC lack the factual support to meet the pleading requirements of Rule 8(a) and Rule 9(b). Although Plaintiff alleges Amazon and Audible are the "who," she offers no facts regarding Audible's role in the alleged fraud. The FAC also fails to allege the "what" or "how" of the alleged fraudulent scheme. Plaintiff fails to plausibly allege how the "No-Rush Shipping Program" relates to Audible enrollment. She alleges no facts connecting the "No-Rush Shipping Program" to Audible enrollment, and thus, she has failed to show that her theory of fraud is plausible, let alone meet Rule 9(b)'s more stringent pleading standard. Plaintiff also fails to specify what the alleged misstatement or misstatements said or provide any context for the alleged misrepresentations, including when or where Plaintiff saw them. Even if she had, Plaintiff does not allege that she did not receive the digital free credits promised with the "No-Rush Shipping Program" or that the credits failed to work as promised. Thus, the FAC fails to sufficiently allege that Amazon's offer of free digital credits through its "No-Rush Shipping Program" was false or misleading. Nor does Plaintiff allege facts showing how her agreement to receive "No Rush Shipping" in exchange for free digital credits from Amazon led to her enrollment in Audible. Indeed, the FAC is devoid of facts about the Audible enrollment process and thus, Plaintiff fails to establish that the enrollment process is likely to deceive reasonable consumers.

   Plaintiff also fails to sufficiently allege an actionable omission. Omissions are actionable

---

of the claims together. *See Kowalsky v. Hewlett-Packard Co.*, No. 10-CV-02176-LHK, 2011 WL 3501715, at *6 (N.D. Cal. Aug. 10, 2011).

5

only when the omission is contrary to a representation actually made by the defendant or where a duty to disclose exists. *Keegan v. Am. Honda Motor Co.,* 838 F.Supp.2d 929, 939 (C.D. Cal. 2012). A duty to disclose can arise "when the defendant makes partial representations but also suppresses some material facts." *Id.* (quoting *Smith v. Ford Motor Co.,* 749 F.Supp.2d 980, 987 (N.D. Cal. 2010)). Omissions-based claims must be pled with particularity. *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 833 (N.D. Cal. 2021) ("Rule 9(b) requires the plaintiff to allege the particular circumstances surrounding the representations at issue…regardless of whether the statements at issue are misleading because they are affirmative misrepresentations or because they contain material omissions.").

      Plaintiff alleges that Defendants made partial representations about free digital credits but failed to disclose material information about the supposedly "free" credits, namely that accepting the credits would cause Plaintiff to be enrolled in a paid subscription to Audible. Plaintiff's omissions-based theory suffers from the same flaws as her theory based on affirmative misrepresentations. Plaintiff has not pled with particularity what partial representations Defendants made or what facts Defendants supposedly omitted including how the "No-Rush Shipping Program" led Plaintiff to believe Audible would be free or how choosing the No-Rush Shipping Program led to her enrollment in Audible in the first place.

      Plaintiff claims she cannot plead the specifics of the misrepresentations or omissions because Defendants "***failed*** to disclose ***anything*** about an Audible subscription in connection with the 'No-Rush Shipping Program.'" (Opp. at 5 (emphasis in original.)) This argument is unpersuasive. There are insufficient facts in the FAC to permit the Court to conclude that choosing Amazon's "No-Rush Shipping Program" leads to an unauthorized Audible subscription enrollment. It is insufficient for Plaintiff to label the scheme as "surreptitious" without more. Rather, Plaintiff must plead specific facts that explain the mechanism connecting the "No-Rush Shipping Program" and enrollment in Audible before she can plausibly plead her theory of fraud.

      Plaintiff's reliance on *In re Apple In-App Purchase Litigation*, 855 F.Supp.2d 1030 (N.D. Cal. 2012) is unpersuasive. In that case, the plaintiffs alleged Apple violated the CLRA and UCL by failing to disclose that children would be able to purchase game currencies without the parent's

knowledge or permission while playing gaming apps advertised as free. *Id*. at 1033. At the pleading stage, the court permitted the CLRA and UCL claims to proceed finding that the plaintiffs pled specific facts detailing the misrepresentations they were exposed to, the information that was allegedly omitted, their reliance on those misrepresentations and omissions, and the resulting harm. *Id*. at 1039. That is not the case here, where Plaintiff has failed to plead specific facts to support her conclusory assertions of fraud.

For these reasons, the Court concludes that Plaintiff has not sufficiently alleged the misrepresentations and omissions that are the basis for her CLRA and UCL claims and thus fails to state a claim under the UCL and CLRA.

Plaintiff also makes a passing reference to a claim under the "unfair" prong of the UCL, which she alleges is based on the same "actions, omissions, misrepresentations, practices, and non-disclosures" as her fraud claim. (FAC ¶ 58.) Courts in this district have held that where the alleged unfair business practices overlap entirely with the practices alleged under the fraudulent prong of the UCL, as is the case here, the unfair prong of the UCL cannot survive if the UCL fraud claims do not survive. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-05 (N.D. Cal. 2017) (collecting cases). As discussed above, Plaintiff has failed to sufficiently allege a fraud-based claim under the UCL. Thus, Plaintiff's claim under the unfair prong of the UCL also fails.

**D.  Plaintiff's Claim Under the UCL's Unlawful Prong Fails.**

The UCL's unlawful prong allows plaintiffs to "borrow" other laws and make claims independently actionable under the UCL. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Here, Plaintiff's unlawful claim is premised on violations of the CLRA and California's Auto-Renewal Law ("ARL"). Because Plaintiff has not sufficiently alleged that Defendants violated the CLRA, the unlawful claim fails to the extent it is premised on a violation of that statute.

The ARL requires all businesses offering an automatic renewal payment system to: (1) present automatic renewal terms to the consumer in a clear and conspicuous manner; (2) obtain the consumer's consent; (3) provide the consumer with an acknowledgement that says how to cancel;

and (4) provide an easy-to-use mechanism for cancellation. *McKee v. Audible, Inc.*, No. CV 17-1941-GW(EX), 2017 WL 7388530, at *17 (C.D. Cal. Oct. 26, 2017) (citing Cal. Bus. & Prof. Code § 17602). "Clear and conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code § 17601(c).

As discussed above, Plaintiff has failed to sufficiently allege what statements or disclosures she allegedly saw related to the "No-Rush Shipping Program" or Audible enrollment. Thus, the Court is unable to evaluate whether any such disclosures or lack thereof violate the ARL, and Plaintiff's unlawful claim predicated on a violation of the ARL fails. *McKee*, 2017 WL 7388530, at *21 (C.D. Cal. Oct. 26, 2017) (granting motion to dismiss UCL claim based on ARL violation where the plaintiff did not sufficiently detail the content of disclosures Audible included during the sign-up process).[3]

For these reasons, the Court finds that Plaintiff's CLRA and UCL claim are subject to dismissal, and it does not reach Defendants' remaining challenges to these claims. Because the Court cannot say that amendment would be futile, it permits Plaintiff leave to amend her complaint.

//
//
//
//
//
//

---

[3] As Plaintiff points out, after the plaintiff in *McKee* amended his complaint, the court found the amended allegations were sufficient to permit the UCL unlawful claim based on ARL violations to proceed. *See McKee v. Audible, Inc.*, 2018 WL 11263238, at *18 (C.D. Cal. Mar. 12, 2018). However, the subsequent *McKee* ruling does not save Plaintiff's unlawful claim. In that case, the plaintiff's amended complaint specifically alleged facts about the plaintiff's experience signing up for Audible and the disclosures he saw during the enrollment process. Here, Plaintiff has not alleged any facts about her Audible enrollment, nor has she sufficiently alleged the disclosures she saw either from Amazon or Audible.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with leave to amend. The Court will allow Plaintiff to file any amended complaint within 45 days to provide sufficient time to correct the CLRA notice deficiencies.

The Court further ORDERS the parties to appear for an initial case management conference for March 10, 2023 at 11:00 a.m. The parties shall file a joint case management statement by no later than March 3, 2023.

**IT IS SO ORDERED.**

Dated: December 5, 2022

_____
JEFFREY S. WHITE
United States District Judge